Argued and submitted September 18, affirmed December 30, 1992, reconsideration denied February 24, petition for review pending 1993

## ERWIN & ERWIN,
a Professional corporation,
*Appellant,*

*v.*

## Charles D. BRONSON III,
Gayle Bronson Gray, John Gray,
Mildred Bronson, Prudential Bache Securities,
Ben Hampson, Rachel Hampson and Brian Gray,
*Respondents,*

*and*

Tom PELINO,
*Defendant.*

(A8909-05521; CA A65533)

844 P2d 269

444

Ferris Boothe, Portland, argued the cause for appellant. With him on the briefs were Erwin & Erwin, P.C., and Warde H. Erwin, of Counsel, Portland.

Thomas A. Davis, Portland, argued the cause for respondents Charles Bronson III, Gayle Bronson Gray, Ben Hampson, Rachel Hampson and Brian Gray. G. Kenneth Shiroishi, Portland, argued the cause for respondents Mildred Bronson, John Gray and Prudential Bache Securities. With them on the brief were Smith & Davis, Portland, and Thomas H. Tongue and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, a professional legal corporation, appeals from a judgment under ORCP 67B, assigning error to the trial court's allowance of defendants' motions for summary judgment and judgment on the pleadings on plaintiff's claims for injunctive and declaratory relief and, on defendants' counterclaims, its removal of plaintiff as trustee and its appointment of a successor trustee.

In 1984, Charles and Mildred Bronson, husband and wife, established the Charles and Mildred Bronson Living Trust (the Bronson trust), to provide for the health and welfare of the surviving spouse and for the benefit of the couple's surviving children and grandchildren. Named as trustees were Mildred Bronson, John Gray and "Erwin & Erwin, a professional corporation" (plaintiff). Charles Bronson is now deceased.

Plaintiff brought this action in its capacity as trustee, seeking the removal of Bronson and Gray as trustees, declaratory and injunctive relief and damages for unauthorized distributions of trust assets. Defendants Charles D. Bronson III, Gayle Bronson Gray, Ben Hampson and Rachael Hampson, the remainder beneficiaries, are the surviving children and grandchildren of Charles and Mildred Bronson. Defendant Prudential-Bache Securities (Prudential) holds assets and securities of the Bronson trust. Defendant Pelino, who was not served in this proceeding and has never appeared, was an employee of Prudential and the financial advisor to the trustees.

Defendant beneficiaries moved for summary judgment, contending that plaintiff lacks standing to bring this action, because, as a professional corporation engaged in the practice of law, plaintiff could not act as a trustee. Defendant trustees and Prudential filed similar motions and also moved for judgment on the pleadings. Defendants also filed a counterclaim seeking removal of plaintiff as a trustee and the appointment of a new co-trustee. The court allowed the counterclaim, removed plaintiff and appointed U.S. National Bank as successor.

■■ Despite a convoluted procedural history, the basic question in this case is whether a professional corporation

engaged in the practice of law is authorized to serve as a trustee of an *intervivos* trust. ORS 58.015(5) defines a professional corporation as

"a corporation organized under this chapter *for the specific purpose of rendering professional service and for such other purposes provided under this chapter,* and which has as shareholders holding a majority of the shares only individuals who themselves are duly licensed to render the same professional service as the corporation." (Emphasis supplied.)

ORS 58.015(6) defines "professional service" as

"any type of personal service rendered in this state to the public which may be lawfully rendered only pursuant to a license."

As a creature of statute, the powers of a professional corporation are limited to those described in the statute. ORS 58.075 provides, in part:

"(1) *A professional corporation may be organized to render one type of professional service only and services ancillary thereto through its shareholders, directors, officers, employees and agents who are themselves duly licensed to render such service.* Shareholders holding a majority of the shares and a majority of the directors of the corporation must be licensed to render the professional service for which the corporation is organized.

"(2) *A professional corporation may not engage in any business other than the rendering of the professional service for which the corporation is organized and services ancillary thereto.*" (Emphasis supplied.)

Plaintiff is a professional corporation organized under ORS chapter 58 for the purpose of practicing law. It may not engage in any activity that is not the practice of law or "ancillary thereto." ORS 58.075(2).

■■ There are many services that attorneys provide for their clients that do not require licensing as an attorney and, consequently, do not constitute the practice of law. Serving as a trustee of a trust is one of them.[1] An attorney acting as a trustee is in no different position than a lay trustee; the

---

[1] Others include serving as personal representative, administrator, conservator, executor, guardian or corporate director.

standard of care is the same for both. *See* ORS 128.055 *et seq*. Although such services may enhance the firm's income and attract more business, they do not provide support for or aid the activities that constitute the practice of law.[2] We conclude, therefore, that serving as a trustee is not "ancillary" to the practice of law.

■       There are other reasons why we are persuaded that professional corporations may not serve as trustees. ORS chapters 707 and 709 are devoted to the organization and regulation of "trust businesses." ORS 707.050 requires a corporation conducting a trust business to be financially solvent and to deposit a minimum of $50,000 with the state before doing business. The purpose is to protect a trust and its beneficiaries when a corporation acts as a trustee. Those protections would not be present if the trustee were a professional legal corporation.[3] The law requires only that a majority of the shareholders and directors of a professional legal corporation be licensed to practice law. ORS 58.075. If a professional corporation could be a trustee, there would be no assurance as to who would act for the corporation or whether that person would be an attorney. The shareholders of a professional corporation are personally liable for the negligent or wrongful acts of the shareholders in rendering professional services, but not for the wrongful acts of the corporation. ORS 58.185. The professional corporation itself would have no coverage under the Professional Liability Fund.[4]

■       The remaining question is whether the trial court should have dismissed the action and left to another day the removal of plaintiff as trustee and the appointment of a successor. We find no error in the court's ruling.

We conclude that plaintiff does not have authority under the general provisions governing professional

---

[2] *Black's Law Dictionary* 78 (5th ed 1979) defines "ancillary":

"Aiding; attendant upon; describing a proceeding attendant upon or which aids another proceeding considered as principal. Auxiliary or subordinate."

[3] We note that ORS 709.160 expressly prohibits a trust company organized under ORS chapter 709 from furnishing legal advice or holding itself out as practicing law.

[4] The Professional Liability Fund Claims Made Plan states that it is "a contractual agreement between the PLF and the individual attorney to whom it is issued."

corporations to serve in the capacity of trustee. The trial court did not err in so deciding or in removing plaintiff as a co-trustee and appointing the bank as co-trustee.

In view of our disposition of the case, we need not consider plaintiff's remaining assignments of error.

Affirmed.